UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA              :

      v.                              : **NOTICE OF MOTION TO SUPPRESS**

                                       : 07 Cr. 1119(CM)

**RICHARD GRANT**,                     :

                                       :

            Defendant.             :
------------------------------------x

    **PLEASE TAKE NOTICE** that upon his annexed affirmation, the defendant **RICHARD GRANT** will move for an Order pursuant to Rules 12 and 41, Fed.R.Crim.P., suppressing all the physical evidence seized from him and his home and suppressing all post-arrest statements made by and attributed to him, all on the ground that the warrantless and nonconsensual search of his home was in violation of his constitutional rights and the fruits of that search led to his postarrest statements.

    No Memorandum of Law is submitted at this time in support of the motion because it is axiomatic and hornbook law that a warrantless nonconsensual search of a home is violative of a person's constitutional rights against unreasonable searches and seizures. Furthermore, at a conference in this matter, the court opined that when urging that such a search was conducted, it would be superfluous to cite legal authority for the proposition

in the moving papers. Nonetheless, if the court requires a short presentation of the governing law on this topic, we would be prepared to comply within two or three days of an instruction by the court that we do so.

Dated: New York, New York
       March 14, 2008

>                    Yours, etc.
>
>                    LEONARD F. JOY, ESQ.
>                    Federal Defender of New York
>
>                By: _____
>                    ROLAND THAU, ESQ.
>                    Staff Attorney
>                    Attorney for Defendant
>                      **Richard Grant**
>                    52 Duane Street - 10th Floor
>                    New York, New York  10007
>                    Tel.: (212) 417-8733

TO: Michael Garcia, ESQ.
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York  10007
    Attn: **CARRIE H. COHEN, Esq.**,
          Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
          v.                        :   **DEFENDANT'S AFFIRMATION**
                                    :   07 Cr. 1119(CM)
**RICHARD GRANT,**                  :
                                    :
              Defendant.            :
------------------------------------x
```

**RICHARD GRANT**, hereby affirms under penalties of perjury pursuant to 28 U.S.C. §1746:

1. I am the defendant in this case and make this affirmation in support of my motion to suppress physical evidence seized from a home by the police August 4, 2007, and any postarrest statement.

2. On that day, at about 11 p.m., three policemen came to my door, knocked and when I opened the door, they barged in without asking my permission to do so. I was asked if I was Richard Grant, I said that I was. I was ordered to sit down in the living room and the police began searching my apartment without a search warrant and without asking my permission to go anywhere inside my apartment and or to search it.  The police retrieved physical items from my bedroom closet and a drawer in the kitchen.  I was then arrested and taken to a police precinct after my sister came to take my son to her house.

3. At the precinct, the police instructed me to sign a consent paper to search my apartment, telling me that if I did not do so, they would request of the Child Protective Service to take custody of my now a three-year-old son who was then living with me and still does and that it might take a year or so to get my son back. Under these circumstances, I signed the consent to search form, authorizing a search which had already taken place earlier, before I was even asked to sign such a paper.

I had battled long and hard in the courts to establish my paternity to the child and to have his custody given to me by the court as his mother was unfit. My only child is all the more dear to me because I fought so hard to remove him from an unsafe setting and secure his welfare. Accordingly, I signed the consent form after the search and under duress.

4. The police did not even ask me to write the consent to search paper myself, they just presented me with something written by one of them and I signed it because of the circumstances described above.

5. Later that night or early in the morning, federal policemen came to the precinct and told me basically the same thing about my child and the Child Protective Service, adding that if I cooperated with the authorities by signing a confession and a consent to search, they would not report me to the Child Protective Service. Accordingly, and once again, acting on a

threat that my child might be taken away from me, handwrote and signed a second document which states that I had previously given a consent to search to the New York City police.

New York, New York
March 14, 2008

_____
RICHARD GRANT