# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

May 14, 2008

**BY FAX 212 805-6326 AND BY HAND**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York NY 10007

Re: **United States v. Richard Grant**
    **S1 07 Cr. 1119(CM)**

Your Honor:

We respond to the government's memorandum of Law dated May 12, 2008 and its letter of May 13, 2008, opposing our application for a reopening of the suppression hearing.

In the government's 13 page memorandum of Law dated May 12, 2008, it explicitly abandons its previously argued "exigent circumstance" argument and implicitly abandons as well its previously argued "inevitable discovery" argument as those relate to the seizure of the drugs in Mr. Grant's kitchen cabinet - subject of Count two of the indictment.

Nor does the government discuss whether Mr. Grant's custodial and non-Mirandized interrogation to which Mr. Grant responded that he had drugs in his kitchen cabinet would or would not support suppression of that statement and of its fruits - the drugs themselves. It had been my impression that your Honor had requested briefings on that issue. We assume therefore that, the government is now conceding that point as well, *sub silencio*.

The balance of the government's memorandum consists of a long repetition of arguments previously made by it in its earlier memorandum of Law and during oral summation in support of its contention that Mr. Grant gave implied consent to enter his apartment and then gave consent to search it.

Unfortunately, and despite being picked up by us orally during summations, the government persists in reiterating at least four times that Mr. Grant had "<u>let, led, letting, let</u>" the officers into the building first and then into his apartment. These

Honorable Colleen McMahon  
United States District Judge  
Southern District of New York

May 14, 2008  
Page 2

Re: **United States v. Richard Grant**  
    **S1 07 Cr. 1119(CM)**

tactically chosen words misdescribe Mr. Grant's conduct. They are intended to convey invitational conduct, when at most, the police evidence shows absence of resistance on Mr. Grant's part. The government resurrects the analogy it made earlier between the second floor neighbors' refusal from above to open the building door and the police allegation, contested by Mr. Grant, that he opened the front door but did not bar their entry into the building.

For reasons discussed at summation in our rebuttal, we urge once again that this analogy is absurd and unfair. If Mr. Grant went to the front street door as alleged by the government but disputed by him, opened it and saw three policemen facing him he could not be expected to have barred their entry into a common hallway in which he had no expectation of privacy. Thus even if Your Honor should credit the police testimony that their first encounter with Mr. Grant was at the building's front door --and we ask you to reject it-- his "failure" to forbid their entry into that hallway should, in logic and fairness not be one of the bases for holding that Mr. Grant impliedly consented to the subsequent entry of his home to which he was returning only to be followed into it from behind by the police without his doing or saying anything signaling consent that they do so.

We find particularly objectionable the following passage, at page 8 of the government's memorandum:

> **Here, like in Ramirez-Chilel** [United States v. Ramirez-Chilel, 289 F.3d 744(11th Cir 2002)]the defendant did not simply fail to object but rather consented to the officers entry into his apartment by letting them in the front door of the house, leading them down the hallway to his apartment and then letting them into his apartment. Accordingly, the defendant's conduct "yielding the right of way" demonstrate his consent. (Emphasis added)

In writing "Here, **like** in Ramirez-Chilel" the government indulges its perceived prerogative to cite cases in a manner reminiscent of the revered late United States District Judge Edward Weinfeld's comment that a party's argument had been "[A]n outstanding example of chutzpah to the nth degree." (Emphasis in original) Gemveto Jewelry Co., Inc. v. Jeff Cooper Inc., 568 F.Supp. 319, 336 (S.D.N.Y.1983).

In Ramirez-Chilel, the defendant had opened his door in

Honorable Colleen McMahon  
United States District Judge  
Southern District of New York

May 14, 2008  
Page 3

**Re:  United States v. Richard Grant**  
       **S1 07 Cr. 1119(CM)**

response to the police knocking on it and "yiel[ed] the right-of way" to the police requesting admittance, by stepping aside so that the police could enter. Id. at 747-8, 752. Here, the government's own version of the events is significantly different than the facts in Ramirez-Chilel.

There, the defendant was obviously facing the police when he opened his door and then stepped aside in a gesture identical to how everyone welcomes guests in our home. Here (in the disputed police scenario) in stark contrast, Mr. Grant was clearly facing his own door when returning home and the police followed him inside his apartment from behind him, without Mr. Grant giving them oral consent or making any gesture similar or anything even approximating the defendant's conduct in Ramirez-Chilel. "Here, **like** in Ramirez-Chilel" indeed!

If anything, Ramirez-Chilel helps Mr. Grant. It points to the crucial difference between that case and United States v. Gonzalez, 71 F.3d 819, 830 (11th Cir.1996) where the police followed the occupant of her home into it, holding that her action could not be viewed as an implied consent to the police entry into it. Id. 829.

At 7 n. 2 of the government's memorandum, it argues that even if the entry into Mr. Grant's apartment was illegal, the consent search may nevertheless be valid if "the taint of the initial entry has been dissipated.", citing United States v. Snype, 441 F.3d 119, 132 (2d Cir. 2006). There, the defendant had been told by the police that she was not required to give consent to a search and "numerous steps were taken [by the police] that did restore calm to [the defendant's] home before she consented to a search." (Emphasis added) Id. 131. Here, in contrast, crediting the police's disputed account of it, no advice was given that Mr. Grant could refuse to consent to a search and no real dissipating intervening events occurred. In arguing this issue as it does, the government may inadvertently convey that the entry into Mr. Grant's apartment was in fact unlawful and it tries to rescue the validity of the search by arguing dissipation of the taint by events intervening following the illegal entry into the apartment.

**Application to reopen hearing.**

In the government's opposition to our request for a reopening of the suppression hearing, it attempts to distinguish this case from United States v. Bayless, 201 F.3d 116 (2d Cir. 200) in which the United States Attorney for the Southern District of New York

Honorable Colleen McMahon  
United States District Judge  
Southern District of New York

May 14, 2008  
Page 4

Re: **United States v. Richard Grant**  
    **S1 07 Cr. 1119(CM)**

moved for a reopening of a hearing on motion to suppress and that application was granted by the District Court and approved by the Circuit Court. The government's distinction is incomprehensible and meritless. There, the government chose to not call a police witness whose testimony the government felt would be cumulative to the testimony given at the hearing by one of its other witnesses. The initially-uncalled police witness was obviously known to the government and had to have been interviewed in preparation for trial. That is how the government concluded that he would offer only cumulative testimony. The trial court judge did not forbid the government from calling him at the original hearing, he merely spoke some confusing words quoted at <u>Id</u>. 132 n.4 which cannot be interpreted as precluding the uncalled witness at the original hearing but merely <u>suggested</u> to the government that the originally-uncalled witness' testimony "was not needed". In fact, the trial judge did not even say that the witness was not needed.

    Thus, in that case, the government chose to not call the police witness whose existence and potential testimony was known to the government. The government was perfectly free and able to call in notwithstanding that he would have offered cumulative evidence, just as in our case, the government called officers Murphy and Owens who, in most respects, gave cumulative evidence. There is in fact no meaningful distinction between <u>Bayless</u> in this case on this issue. The only distinction, and it is not a worthy one, is that there, the government sought the reopener to call a witness available to them at the original hearing but whom they chose not to call, and here, the government does not want this Court to hear evidence tending to corroborate Mr. Grant's testimony and impeaching Murphy and Owens. In <u>Bayless</u>, the government-requested reopener was intended to and resulted in the government calling a witness to simply corroborate a previously called witness' testimony. We respectfully ask for the same privilege, the ability to corroborate Mr. Grant's testimony at his first contact with the police was at his apartment door.

    Finally, the government argues, concerning ineffective assistance of counsel, that the standard is that but for counsel's neglect, the result of the proceedings "<u>would</u>" be different. The standard in fact is that there is a reasonable likelihood that the result "<u>could</u>" be different. It is simply impossible to ever predict what an eventual results would be. One can only predict what it could be. Here, it is not unreasonable to suppose that the results might (could) be different depending on whether your Honor makes a factual finding that the government-sponsored front-door-

Honorable Colleen McMahon  
United States District Judge  
Southern District of New York

May 14, 2008  
Page 5

Re: **United States v. Richard Grant**
    **S1 07 Cr. 1119(CM)**

to-apartment-door trek scenario occurred as the police testified it did, or did not occur, as Mr. Grant testified. The latter finding could powerfully discredit the entire police testimony. The implications of that are obvious and need not be catalogued.

                                       Respectfully,

                                       Roland Thau
                                       Staff Attorney
                                       Tel.: (212) 417-8733

cc: By Fax (212)637-2937
    Carrie H. Cohen, Esq.
    Assistant United States Attorney