# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

May 12, 2008

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

**By fax 805-6326 and by hand**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/08

Re:  **United States v. Richard Grant**
     S1 07 Cr. 1119(CM)

Your Honor:

   I respectfully and apologetically request that your Honor reopen the evidentiary hearing to develop evidence that an officer or officers who was or were involved in the entry and search of Mr. Grant's apartment reported to police officer DeLeon who swore to the complaint in this case and testified before the grand jury that he had been told (presumably by at least one of those officers) that the police had knocked on Mr. Grant's apartment door.

   That scenario would of course be significantly inconsistent with the police testimony at the hearing, would tend to impeach former Sergeant Murphy and officer Owens and tend to corroborate Mr. Grant's testimony that his first contact with the police on the day of his arrest was when he opened his apartment door in response to the police knocking on it and that the building-door-to-apartment-door-trek did not occur.

   I regret that I may have created an ineffective assistance of counsel appellate issue --Strickland v. Washington, 466 U.S. 668(1984)-- by failing to examine the police witnesses on the above issue and offer the complaint and grand jury transcript because DeLeon's testimony on this point might well make the difference in this hotly contested factual dispute in which the government argues that Mr. Grant committed perjury.

   The government has informed me that it would oppose our application to reopen the hearing. We deem that opposition to be particularly inappropriate considering that in United States v. Carol Bayless, 201 F.3d 116 (2d Cir. 2000), *affirming* 95 Cr. 533(RPP), Cert. Denied 2000 LEXIS 2503, the United States Attorney for the Southern District of New York moved successfully for the reopening of a hearing on a motion to suppress which had been granted by the District Court following which the Second Circuit

Honorable Colleen McMahon  May 12, 2008
United States District Judge  Page 2

Re:  **United States v. Richard Grant**
     S1 07 Cr. 1119(CM)

held that the reopener had been appropriate even though the District Court had already decided the motion.

In contrast, we respectfully request a reopening while our motion is still *sub judice*. If the government persists in its opposition to this application, it should be called upon to distinguish this case from Bayless. The fact that, in moving to reopen in Bayless the government hoped that the District Court would ultimately (as it did) reverse its granting the motion to suppress is not in our judgment a fair and appropriate distinction. The only differences between that case and this one is that there, the government moved *post-judice* and in the hope that the District Court would rule in his favor and here, we move *sub-judice*, requesting leave to develop evidence which the undersigned incompetently neglected to develop during the hearing.

Another way of dealing with the problem would be for Your Honor to admit the complaint and the grand jury transcript, which we hereby offer since:

> "At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." United States v. Raddatz, 447 U.S. 667, 679 (1980).

Fed.R.Evid. 201 permits the court to take judicial notice at any stage of the proceedings. We respectfully request that such notice be taken of the complaint and the grand jury transcript for the additional reason that those are "admissions by party-opponent" pursuant to Fed.R.Evid. 801(d)(2).

Once again, I apologize for my neglect. Mr. Grant deserves better.

Respectfully,

Roland Thau
Staff Attorney
(212) 417-8733

cc: Carrie H. Cohen, Esq., AUSA
    By fax 212 637-2937

TOTAL P.003