# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

May 12, 2008

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

**By fax 805-6326 and by hand**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 5/15/08

Re: **United States v. Richard Grant**
S1 07 Cr. 1119(CM)

Your Honor:

During and following summations May 7, 2008, Your Honor directed additional memoranda from the parties discussing:

Whether (assuming arguendo that the police were lawfully in Mr. Grant's apartment and Mr. Grant had not given consent to search it) the police were authorized to search the apartment because they smelled the odor of burnt marijuana and because, in his response to non-Mirandized custodial interrogation, he told the police that he had drugs in a kitchen cabinet.

The government argued in its prior written submission and oral argument that although Mr. Grant's above-mentioned statement might well be suppressed but that the drugs themselves were not suppressible because the marijuana odor alone conferred authorization to search for the drugs and that in any event, such a search would be permissible as there were exigent circumstances and in addition on an "inevitable discovery" basis.

Each argument is without merit.

**Inevitable Discovery**

The evidence is clear that the police had come to the premises in response to a tip that one firearm was in the bedroom. The tip (hence the police's limited searching interest) had not mentioned any other criminally possessed evidence. The police made a beeline to the defendant's bedroom closet and recovered a firearm in a bag at the bottom of the closet and the officer who seized the object testified that he did not rummage or intend to rummage further in that closet or bedroom any further after finding what the tip had asserted.

Honorable Colleen McMahon          May 12, 2008
United States District Judge       Page 2
Southern District of New York

Re:  **United States v. Richard Grant**
     S1 07 Cr. 1119(CM)

It is thus obvious that no further search of the apartment would have been or was intended or planned to be searched until Mr. Grant's non-Mirandized custodial response to interrogation admitted the presence of drugs in the kitchen. It is Mr. Grant's non-Mirandized statement which was solely instrumental - without intervening attenuation-- in the police searching the kitchen cabinet and recovering the controlled substances hidden there. A classic case of "fruits of the poisonous" interrogation condemned by Wong Sun v. United States, 371 U.S. 471, 484-8 (1963)and its copious progeny. Wong Sun had one or two attenuation issue which went against the appellant-defendant but does not apply here since the search of the kitchen occurred within seconds of Mr. Grant's statement leading the police to that part of the apartment.
To die
     In arguing in its prior Memorandum of Law that Miranda is really not all it is cracked up to be in defense lawyers' eyes, the government cites United States v. Patane, 542 U.S. 630(204) at length. To its credit, the government points out that the police, in that case, did begin to mirandized the defendant who interrupted the police's hallowed litany, saying that he knew his rights. Surely, the government should recognize that a completely non-Mirandized prisoner is in a significantly different scenario than one to whom Miranda warnings are begun and who then interrupts the warnings, saying in effect "please save yourself the effort of continuing the recital of my rights, because I know them all."

**Exigent Circumstances**
     As for exigent circumstances, there were none. Exigent circumstances have been recognized as an exceptional and emergency basis for a warrantless nonconsensual search if the circumstances would cause a reasonable person to believe that entry (or other relevant prompt action) was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of a suspect, or some other consequence improperly frustrating legitimate law enforcement efforts. United States v. McConney, 728 F.2d 1195, 1199 (9th Cir.), cert. denied, 469 U.S. 824 (1984). Were the mere smell of previously burned marijuana support warrantless, nonconsensual search, the police should be expected to sniff around outside and under doors of private residences, search those to their hearts' content and haul off to the hoosegow a significant percentage of the young and not so young population in our city. Moreover, here, Mr. Grant and his not quite three-year-old son were alone in the apartment. Mr. Grant was going to be taken away, his sister took the child away to her own home, such that Mr. Grant's apartment was now empty.

Honorable Colleen McMahon            May 12, 2008
United States District Judge         Page 3
Southern District of New York

Re:  **United States v. Richard Grant**
     S1 07 Cr. 1119(CM)


For good measure, the police did not continue searching the rest of the apartment beyond where it had found contraband, thus the government's "inevitable discovery" argument is utterly frivolous.

Respectfully,

Roland Thau
Staff Attorney
(212) 417-8733


cc: Carrie H. Cohen, Esq., AUSA
    By fax 212 637-2937