

**United States Attorney**
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/08
```

May 13, 2008

BY FAX

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    United States v. Richard Grant,
            S1 07 Cr. 1119 (CM)

Dear Judge McMahon:

        The Government respectfully submits this letter in opposition to the defendant's request in its May 12, 2008 letter to the Court ("Def. Ltr.") that Your Honor reopen the record of the April 30, 2008 suppression hearing to permit defense counsel to cross-examine New York City Police Department ("NYPD") Officer Dannis DeLeon regarding his prior sworn statements in the Complaint and prior testimony before the Grand Jury in this matter (or, in the alternative, to admit such prior statements and testimony as defense exhibits). The Government opposes the defendant's request as no new evidence has been discovered and the request is based simply on defense counsel's failure to cross-examine a testifying witness regarding prior testimony about which defense counsel admits he was well aware.

        It is well established that "[a] hearing will not be reopened in the absence of 'any significant, new factual matters that would have been developed at such a hearing.'" United States v. Perez, 01 Cr. 848 (SWK), 2002 U.S. Dist. LEXIS 14681, at *4 (S.D.N.Y. Aug. 8, 2002) (citing United States v. Tzakis, 736 F.2d 867, 872 (2d Cir. 1984)). Accordingly, evidence that "is merely . . . impeaching is not an adequate basis for reopening a suppression hearing." Perez, 2002 U.S. Dist. LEXIS 14681, at *4 (refusing to reopen record to permit testimony from witnesses who were not called but known and available to defendant); see United States v. Oates, 445 F. Supp. 351, 353 (E.D.N.Y) (motion to reopen suppression hearing denied where newly discovered evidence was merely impeachment evidence of which defendant was aware prior to hearing), aff'd without op., 591 F.2d 1332 (2d Cir. 1978).

        Here, the defendant's request to reopen the suppression hearing is based solely on defense counsel's "failure to examine" Officer DeLeon on the issue of his previously sworn testimony

P.03/04
MAY-13-2008 15:73
Case 1:07-cr-01119-CM   Document 24   Filed 05/15/2008   Page 2 of 3
The Honorable Colleen McMahon
May 13, 2008
Page 2

both in a Complaint and before the Grand Jury in this matter. (Def. Ltr. at 1.) As the defendant admits, such prior testimony could have been properly explored at the hearing and defense counsel offers no legitimate reason for his failure to do so. Accordingly, there is no new factual evidence that warrants the Court reopening the hearing.[1] See United States v. Nezaj, 668 F. Supp. 330, 334 (S.D.N.Y. 1987) (refusing to reopen record where no new evidence and failure to produce certain evidence and make certain arguments was an "oversight"). In addition, as in Perez and Oates, defense counsel's request to reopen the record is based solely on evidence that might "impeach" a witness, (Def. Ltr. at 1), which type of evidence does not support a request to reopen a hearing record.

Morever, the defendant's reliance on United States v. Bayless, 201 F.3d 116, 131-32 (2d Cir. 2000), (Def. Ltr. at 1-2), is misplaced. In Bayless, the district court reopened the record of a suppression hearing to hear from a second arresting officer whom the Government had not called as a witness because it believed such officer's testimony would have been cumulative. The Second Circuit affirmed the district court's decision to reopen the record to permit such testimony because the Government had a good reason why the second arresting officer's testimony was not presented at the initial hearing, namely, the cumulative nature of such testimony combined with the district court's comments suggesting that the Government did need not to corroborate the testimony of the arresting officer. Id. at 132 and n.4. In contrast, here, Officer DeLeon testified at the hearing and thus the Second Circuit's holding in Bayless does not provide any support for the defendant's request either to reopen the hearing to permit cross-examination of Officer DeLeon or to admit his prior testimony as defense exhibits.

In addition, the Court should reject the defendant's alternative suggestion that the Court take judicial notice of Officer DeLeon's prior testimony under Rule 201 of the Federal Rules of Evidence. (Def. Ltr. at 2.) Prior inconsistent statements are not properly deemed a "judicially noticed fact." Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Further, judicial notice of prior testimony unfairly would prejudice the Government because to do so would deprive the Government of the opportunity to

---

[1] The Court should not allow concern about an ineffective assistance claim to dictate the Court's ruling here, (Def. Ltr. at 1), as such claim is not relevant to the instant request, and, in any event, has little likelihood of success. Under the standard established in Strickland v. Washington, the defendant would have to demonstrate both that defense counsel's representation fell below an objective standard of reasonableness measured by the prevailing norms and prejudice from such failure in that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. 466 U.S. 668, 687 (1984). Despite a strong presumption that counsel's performance was reasonable, see Perez, 2002 U.S. Dist LEXIS 14681, at *6, even viewing the evidence in the light most favorable to the defendant, Officer DeLeon's hearsay testimony about what the arresting officers may or may not have told him about their entry into the defendant's building and apartment and what Officer DeLeon understood about such entry would not have influenced the outcome of the defendant's motion because the Court heard the arresting officers' testimony first hand.

The Honorable Colleen McMahon
May 13, 2008
Page 3

question Officer DeLeon on redirect about such testimony.

     Finally, in the event the Court grants the defendant's request to reopen the hearing record, the Government respectfully requests that it then be allowed a similar opportunity to follow up on an issue that it did not fully explore. Specifically, that the Government be allowed to recall former NYPD Sergeant Thomas Murphy for the limited purpose of asking him certain questions raised by the Court at oral argument on May 7, 2008. Specifically, the Government would seek to ask Investigator Murphy what he meant when he used the term "pedigree information" on direct examination and how he obtained the address, date of birth, and driver's license number that appear on Government Exhibit 1, which is the defendant's written consent to search.

                                         Respectfully submitted,

                                         MICHAEL J. GARCIA
                                         United States Attorney
                                         Southern District of New York

                By:    _____
                            Carrie H. Cohen
                            Assistant U.S. Attorney
                            (212) 637-2264

cc by fax: Roland Thau, Esq., Attorney for Defendant